UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN TROY MEYERS,

    Plaintiff,                               Case No. 20-CV-10988

vs.                                        HON. MARK A. GOLDSMITH

ANDREW SAUL,
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

# OPINION & ORDER
# (1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED JUNE 30, 2021 (Dkt. 21), (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 15), AND (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 18)

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Elizabeth A. Stafford, issued on June 30, 2021 (Dkt. 21). In the R&R, the magistrate judge recommends that the Court deny Plaintiff Alan Meyers's motion for summary judgment (Dkt. 15), grant Defendant the Commissioner of Social Security's motion for summary judgment (Dkt. 18), and affirm the Commissioner's final decision denying Plaintiff's application for disability insurance benefits and supplemental security income.

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those

findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, Plaintiff's motion for summary judgment (Dkt. 15) is denied, the Defendant's motion for summary judgment (Dkt. 18) is granted, and the Commissioner's decision is affirmed.

SO ORDERED.

Dated: July 15, 2021  　　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan  　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　United States District Judge